NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL BROCK; MATTHEW LEROY ALLBAUGH; CRAIG BREWER; KELLY GAMBINI; ROBERT VINCENT GLORIOSO; JASON HAGIN; DANIEL LARSEN; BRIAN LONG; SHAWN CURTIS MANTHEY; PAUL PLUSCHAKOV; CALEB RODRIGUEZ; HANNAH SNAVELY; ANGELA TERRY; DION TERRY; TAWSHA KATHLEEN THOMPSON; WILLIAM TRAVIS TRUEMAN; TIMOTHY VAN DYKE; TIM VANDERMEY; ELISABETH OAKES; GALINA D'AMELIO; JOEL DOUGLAS; BRENNAN JACOBY; JEREMIAH LELAND; DAVID LITTLE; NEAL LUNDE; REBEKAH ROYEV, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CITY OF BELLINGHAM; SETH FLEETWOOD, Mayor, City of Bellingham, Washington, <br><br> Defendants - Appellees. | No. 25-1070 <br><br> D.C. No. 2:24-cv-00850-BJR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Barbara Jacobs Rothstein, District Judge, Presiding

Submitted May 20, 2026[**]
Seattle, Washington

Before: TALLMAN, CLIFTON, and R. NELSON, Circuit Judges.

This case arises from a COVID-19 vaccine mandate imposed by Seth Fleetwood, the Mayor of the City of Bellingham. Plaintiffs-Appellants, former City employees, were fired after they refused to comply with the mandate. They now appeal from the district court's order dismissing their Second Amended Complaint (SAC) with prejudice and without leave to amend. We affirm.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Saloojas, Inc. v. Aetna Health of Cal., Inc.*, 80 F.4th 1011, 1014 (9th Cir. 2023). Denial of leave to amend is reviewed for abuse of discretion. *Curtis v. Inslee*, 154 F.4th 678, 695 (9th Cir. 2025), *petition for cert. filed*, No. 25-1119 (U.S. Mar. 5, 2026).

1.      The district court did not err in dismissing the SAC for failure to state a claim. Plaintiffs-Appellants presented nine causes of action under 42 U.S.C. § 1983 and two causes of action under Washington common law.

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiffs-Appellants failed to state a claim that they were deprived of the option to accept or refuse without consequence administration of drugs authorized for emergency use because their first cause of action relies on sources that do not create rights enforceable under § 1983. *See Curtis*, 154 F.4th at 687–91.

Plaintiffs-Appellants failed to state a claim for violations of equal protection or substantive due process under the Fourteenth Amendment. Their claims under both doctrines are subject to rational basis review. *Id.* at 691–94; *Health Freedom Def. Fund v. Carvalho*, 148 F.4th 1020, 1025, 1029–33 (9th Cir. 2025) (en banc). Accepting as true the factual allegations in the SAC and its attachments, the information available to Mayor Fleetwood showed: (1) that the Food and Drug Administration (FDA) had found, and Pfizer's data confirmed, that the Pfizer-BioNTech COVID-19 Vaccine provided protection against COVID-19 to at least 84% of recipients, with protection levels decreasing over time; (2) that COMIRNATY, which was FDA-licensed, had the same formulation as the Pfizer-BioNTech COVID-19 Vaccine; and (3) that the two products could be used interchangeably to provide the vaccination series without presenting any safety or effectiveness concerns. In addition, the Pfizer-BioNTech COVID-19 Vaccine posed a significant risk of serious adverse effects and did not prevent transmission of or infection with COVID-19—it only lessened the severity of symptoms. The FDA concluded that the Pfizer-BioNTech COVID-19 Vaccine's known and

3                                                                  25-1070

potential benefits outweighed its known and potential risks.

We have already concluded that substantially similar mandates, which were imposed for substantially similar reasons, survive rational basis review. *Curtis*, 154 F.4th at 691–95; *Carvalho*, 148 F.4th at 1029–33. Plaintiffs-Appellants allege no facts that materially distinguish their case from *Curtis* or *Carvalho*.

To the extent Plaintiffs-Appellants rely on the PREP Act, 42 U.S.C. § 247d-6d, -6e, to support a substantive due process claim, the claim is foreclosed by *Curtis*, 154 F.4th at 692.

Plaintiffs-Appellants fail to state a claim for deprivation of procedural due process under the Fourteenth Amendment. We assume without deciding that Plaintiffs-Appellants alleged deprivation of a constitutionally protected interest. We have already held that employees received sufficient process related to a vaccine mandate if they received "notice of the vaccination requirements and of the consequence of termination for failure to comply," and "opportunities to be heard for the purpose of religious and medical exemptions." *Id.* at 693. Here, the mandate provided for individualized religious and medical exemptions, which at least some Plaintiffs-Appellants applied for. While Plaintiffs-Appellants allege that their requests should have been accepted but were not, they fail to allege any other facts concerning the adequacy of their requests or the exemption process. This is insufficient to state a plausible claim for a procedural due process violation.

*See id.*

We do not consider Plaintiffs-Appellants' causes of action for alleged deprivation of their right to informational privacy under federal law, for liability under *Monell v. Department of Social Services*, 426 U.S. 658 (1978), or for their state law claims. Plaintiffs-Appellants abandoned these claims on appeal, as they fail to cite or discuss any relevant authority, or make any argument concerning the application of relevant law to these claims. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("A bare assertion of an issue does not preserve a claim," and this Court "will not consider any claims that were not actually argued . . . specifically and distinctly in a party's opening brief.").

Plaintiffs-Appellants' cause of action for alleged violation of the unconstitutional conditions doctrine necessarily fails because they have failed to state a claim that the vaccine mandate violated any of their constitutional rights. Thus, they have failed to state a claim that the Defendants "den[ied] a benefit to [them] on a basis that infringes [their] constitutionally protected interests." *Perry v. Sindermann*, 408 U.S. 593, 597 (1972).

2. We need not address whether the Pfizer-BioNTech COVID-19 Vaccine was classified as an "investigational drug" at the relevant time because its status does not affect our analysis. *See Curtis*, 154 F.4th at 691.

3. The district court did not abuse its discretion in denying leave to

amend the SAC.  Plaintiffs-Appellants filed their SAC with the district court's leave after the motion to dismiss was fully briefed and before the district court issued its order.  Despite being on notice of the potential deficiencies in their First Amended Complaint, Plaintiffs-Appellants made no substantive amendments in the SAC to address those potential deficiencies.  Moreover, they have never identified (either below or on appeal) what amendments they might make and how those amendments might cure the SAC's deficiencies.  Given that our precedent forecloses Plaintiffs-Appellants' claims and they have failed to identify how they could cure the SAC's deficiencies, the district court did not err in concluding that amendment would be futile.  *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (setting forth the factors to consider when deciding whether to grant leave to amend).

**AFFIRMED.**[1]

---

[1] The parties' respective motions for judicial notice, which were made in the opening and answering briefs, are denied.  The motion for leave to file an *amicus* brief, Dkt. No. 16, is granted.

25-1070